**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **NEVIN PAVITHRAN,** <br> **Plaintiff,** <br> v. <br> **ENDPOINT CLINICAL, INC.,** <br> **Defendant,** | Case No.: 19-CV-8131 YGR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT; SETTING SCHEDULING CONFERENCE** <br><br> **DKT. NO. 47** |

Plaintiff Nevin Pavithran brings the instant action alleging claims for: discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§ 4301 *et seq*. ("USERRA," 38 U.S.C. §§ 4311(a); 4323(a)); retaliation for opposing violation of USERRA (38 U.S.C. §§ 4311(b); 4323(a)); retaliation in violation of the California Whistleblower Protection statute (California Labor Code § 1102.5); and wrongful termination in violation of public policy under California law. Defendant Endpoint Clinical, Inc. has filed a motion for summary judgment on all claims or, in the alternative, summary adjudication of Pavithran's claim for punitive damages. (Dkt. No. 47.)

The motion is **GRANTED IN PART** as to plaintiff's claim under the California Whistleblower Protection statute **only**. Plaintiff's complaint does not allege, and his showing on summary judgment does not support, a claim that he engaged in a protected "whistleblower" activity covered by section 1102.5. Plaintiff's theory on this claim is that he told others at Endpoint that he complained to another supervisor at Endpoint that he felt harassed after returning from his military leave for deployment, and the unfair treatment was on account of his military obligations. Plaintiff

does not allege or provide evidence indicating that Endpoint retaliated against him *for making that complaint to another Endpoint employee*. A claim under section 1102.5 requires evidence that plaintiff "disclosed information" about a matter he reasonably believed to be a violation of federal law, and that an adverse action was taken against him *on account of that disclosure*. In short, plaintiff seeks to turn the concerns he voiced to a co-worker about discrimination on account of his military obligations into a whistleblower claim. Plaintiff's theory of the claim is circular and would stretch the Whistleblower Protection statute beyond its bounds to cover nearly every wrongful termination claim, a result which plaintiff offers no authority to support. Therefore, the section 1102.5 claim must be dismissed as a matter of law.

On the remaining claims, summary judgment is **DENIED** for the following reasons:

As to Claim 1 under USERRA section 4311(a), that provision states that a person shall not be denied "initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of" military service obligation. 38 U.S.C. § 4311(a). In order to establish a claim under section 4311(a) an employee "first has the burden of showing, by a preponderance of the evidence, that his or her protected status was a substantial or motivating factor in the adverse employment action; the employer may then avoid liability only by showing, as an affirmative defense, that the employer would have taken the same action without regard to the employee's protected status." *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1105 (9th Cir. 2017) (quoting *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007)) (affirming finding that employee's military leave was a substantial factor in his receipt of the smaller signing bonus, and employer could not demonstrate that it would have denied the higher signing bonus absent his military leave). ). At summary judgment, a court must determine "(1) whether there is sufficient evidence from which a jury could find that [plaintiff's military] status or conduct was a substantial or 'motivating factor' in [defendant's] decision to terminate his employment; and (2) if there is such evidence, whether [defendant] has established as an uncontroverted fact that it would have terminated his employment even if he had not been a member of the" military. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 899 (9th Cir. 2002). As the Ninth Circuit stated in *Leisek*, evidence of a discriminatory motivation under USERRA:

> may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Id.* at 900 (quoting *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)).

Here, plaintiff offers evidence from which a reasonable jury could find that he was subject to adverse actions that were substantially motivated by his military status, and there are triable issues of fact as to whether Endpoint would have taken the same action without regard to his military status. (*See* Facts 5-8, 12, 13, 15-18, 20, 21, 23-31 and plaintiff's responses thereto, and evidence cited therein.)

As to Claim 2 under USERRA section 4311(b), that section provides that an employer may not discriminate or take any adverse employment action against a person because, *inter alia*, "such person. . . *has exercised a right provided for in this chapter*." 38 U.S.C. § 4311(b) (emphasis supplied). To establish a *prima facie* case under section 4311(b), the plaintiff must show that: (1) he took an action or exercised a right qualifying him for protected status, (2) the employer subjected him to an adverse employment action, and (3) his protected conduct was a substantial or motivating factor in the employer's action. *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007). Invoking the right to reemployment after a military leave, as provided in section 4312 of USERRA, constitutes "exercis[ing] a right provided" for purposes of section 4311(b). *Id*. (plaintiff's notice and taking of leave for military duty constituted exercise of rights under section 4311(b)).

The record before the Court indicates triable issues of material fact exist as to whether plaintiff was denied continued employment based upon invocation of his leave rights, whether Endpoint took adverse employment action against him on account of his invocation of those rights, and whether it would have taken those actions regardless of plaintiff's military status. (*See* Facts 5, 12, 21, 23-31 and plaintiff's response thereto, and evidence cited therein.)

Because defendant argues that the common law wrongful termination claim depends upon resolution of the USERRA claims, summary judgment on that claim is denied for the same reasons.

Further, summary adjudication of plaintiff's claim for punitive damages is **Denied**. Punitive damages are not available under USERRA but only on plaintiff's wrongful termination claim. Under California law, Civil Code section 3294(b) provides:

> An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(b); *see also Tilkey v. Allstate Ins. Co.*, 56 Cal.App.5th 521 (2020) (person who oversaw complaint investigation, consulted on requiring exercise of judgment, made disciplinary decisions, and determined whether company policy prohibited certain conduct was managing agent); *Colucci v. T-Mobile USA, Inc.*, 48 Cal.App.5th 442 (2020) (employee who oversaw nine stores and 100 employees and had substantial discretion over decisions to transfer, discipline, investigate complaints, and grant exceptions to company leave policy was a managing agent); *Wysinger v. Automobile Club of Southern California,* 157 Cal.App.4th 413 (2007) ("a jury 'could find' that an employee was a 'managing agent' where the employer gave that employee 'discretion to decide how to punish' employees and 'fostered tolerance' of the employee's unlawful conduct by " 'not repudiating [it]'").

The record here reveals triable issues of material fact as to whether an officer, director, or managing agent of Endpoint authorized, ratified, or was personally engaged in conduct that constituted oppression, fraud, or malice based on plaintiff's wrongful termination. (*See* Facts 12, 20, 23, 26, 28-31, 33-35 and plaintiff's responses thereto, and evidence cited therein.)

The Court **Sets** a scheduling conference for **July 28, 2021**, at 1:00 p.m. via videoconference. The parties shall file an updated joint case management statement no later than **July 21, 2021**.

This terminates Docket No. 47.

**It Is So Ordered**.

Dated: July 9, 2021

_____
**Yvonne Gonzalez Rogers**
**United States District Court Judge**